**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JAY S. LARUE, on behalf of )
                                    )
JUDITH K. LARUE (deceased),      )         Case No. 05 C 4875
                                    )
              Plaintiff,           )         Judge Shadur
                                    )
        v.                          )         Magistrate Judge Valdez
                                    )
HUB GROUP, INC.- HUB CITY          )
TERMINALS, MARK A. YEAGER,        )
and THOMAS L. HARDIN               )

              Defendants.

<u>**DEFENDANT'S MOTION TO DISMISS**</u>

Defendant Hub Group, Inc.- Hub City Terminals ("Defendant" or "Hub"),[1] pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss the Complaint and states

as follows in support of its motion.[2]

**I.      Background**

1.      Plaintiff Judith K. LaRue ("Plaintiff")[3] was employed by Hub.  Complaint ¶ 5.

---

[1] Defendant Hub is the only entity that has been served in this matter to date.  However, the grounds of this motion apply equally to the individual defendants because the release signed by Plaintiff included all claims against "directors, officers, and employees of Hub."  See Exhibit 4 to Complaint (Tab A).  Mark Yaeger and Thomas Hardin are employees of Hub.  Further, an independent ground for dismissal of Plaintiff's Complaint against the individual defendants is that there is no individual liability under the Americans With Disabilities Act.  *United States Equal Employment Opportunity Commission v. Wessel*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Davis v. City of Chicago*, 2004 U.S. Dist. LEXIS 5603, *5 (N.D. Ill. 2004).  Copies of all cited unpublished cases are attached at Tab B.

[2] Given the simple, straightforward nature of this motion, Defendant presents all of its legal arguments in the motion itself rather than filing a separate memorandum of law.

2.      On March 15, 2004, Plaintiff was informed that her position was being

eliminated.  Attachment to Complaint ¶ 7,[4]  Exhibit 3 to Complaint. (Tab A).

3.      On April 30, 2004, Plaintiff signed a Separation Agreement with Hub, which also

applied to all related entities, directors, officers, and employees of Hub.  Attachment to

Complaint ¶ 9, Exhibit 4 to Complaint.[5]

4.      The Separation Agreement provided that in exchange for $7,516.73, Plaintiff

released Hub from "***any and all claims of any type to date*** arising out of or relating to

Employee's employment, the separation of Employee's employment, or the renewal of

Employee's employment." Exhibit 4 to Complaint (Separation Agreement ¶ 1) (emphasis

added).

5.      The release also included "claims of discrimination . . . based on . . . disability."

*Id.*

6.      Plaintiff's employment with Hub was terminated effective April 30, 2004.

Exhibit 4 to Complaint (Separation Agreement ¶ 3).

7.      On August 24, 2005, Plaintiff filed her Complaint alleging that her termination

violated the Americans With Disabilities Act.  Complaint ¶ 9.

8.      The Court should dismiss Plaintiff's Complaint because the claim is barred by the

voluntary and binding release Plaintiff signed.

---

[3] The Complaint in this matter has been filed by Jay S. LaRue on behalf of his deceased sister, Judith K. LaRue.  For purposes of this motion, "Plaintiff" will refer to Judith K. LaRue.

[4] "Attachment to Complaint" refers to the first document attached to Plaintiff's Complaint, which is a typed document entitled "Disability Discrimination Complaint."  A complete copy of the Complaint and its exhibits is attached at Tab A.

[5] Exhibit 4 to Plaintiff's Complaint consists of four pages, of which the last two are the Separation Agreement.

## II.     Argument

### A.     The Plaintiff's Release Compels Dismissal Of The Complaint

#### 1.     *The Plain, Unambiguous Language Of The Release Justifies Dismissal Of The Complaint.*

9.     As part of a severance package, Plaintiff executed a release for all of the claims presently before the Court.  Specifically, the Separation Agreement between Plaintiff and Hub states as follows:

> Employee and Hub agree that, in exchange for the payment to Employee of the sum of $7,516.73 less applicable tax withholdings and payroll deductions, Employee waives and releases Hub from ***any and all claims of any type*** to date arising out of or relating to Employee's employment, the separation of Employee's employment, or the renewal of Employee's employment.  This waiver and release includes, but is not limited to:
>
> . . .
>
> ● ***claims of discrimination . . . based on . . . disability*** . . . .

 Exhibit 4 to Complaint (Separation Agreement ¶ 1) (emphasis added).

10.     The Separation Agreement further provides that Plaintiff "has had the opportunity to consult with an attorney prior to executing" the Agreement, and gave Plaintiff 45 days to consider the release and 7 days to revoke it if she did sign it.  Exhibit 4 to Complaint (Separation Agreement ¶ 2).

11.     Finally, in signing the Agreement and accepting the severance payment, Plaintiff acknowledged:

> [T]hat [she] is signing this Agreement ***knowingly, voluntarily, and with a complete understanding of its significance***, that [she] has not been coerced, threatened or intimidated into signing this Agreement, that [she] has not been promised anything else in exchange for signing this Agreement, and that [she] has had reasonable and sufficient time to consider this Agreement.

Exhibit 4 to Complaint (Separation Agreement ¶ 15) (emphasis added).

### 2. *The Law Compels Dismissal Of The Complaint.*

12.     A release is "construed under traditional contract law," and "[t]he intention of the

parties to the contract must be determined from the instrument itself, and where no ambiguity

exists, construction of the instrument is a matter of law." *Simmons v. Blauw*, 263 Ill. App.3d

829, 831, 635 N.E.2d 601, 602 (Ill. Ct. App. 1994) (internal citations omitted); *Armstrong v.

Randolph*, Case No. 95-3262, 1996 WL 721600, * 2 (7th Cir. Nov. 12, 1996) (See Tab B).

Plaintiff's claims are therefore barred by the plain reading of the release she executed in

connection with the elimination of her position. *See Grant v. Potter,* Case No. 99 C 7464, 2002

WL 535093, * 4-5 (N.D. Ill. Apr. 10, 2002) (See Tab B).   The plain language of the release

shows that she unambiguously and comprehensively released Hub from all of the claims

presented in the Complaint.

13.     It is well settled that "general releases are not inherently violative of the [ADEA],

Title VII, or any other federal civil rights statute.  "On the contrary such agreements are to be

encouraged, as they provide a fair, reliable, cost-efficient means of resolving discrimination

cases short of litigation." *Deily v. Waste Management of Allentown*, 118 F.Supp.2d 539, 542

(E.D. Penn. 2000). *See also Riley v. American Family Mutual Insurance*, 881 F.2d 368, 372 (7th

Cir. 1989) ("There is no question that plaintiff may waive her cause of action under Title VII as

part of a voluntary settlement provided her consent to the release was voluntary and knowing.")

(internal citation omitted); *Kinney v. Hamilton Partners*, 2004 U.S. Dist. LEXIS 5980 (granting

summary judgment because plaintiff had waived his Title VII claims by signing a severance

agreement) (See Tab B).

14.     An employer making the business decision to eliminate a position is entitled to

rely upon the plain language of a written release agreement. *See Fair v. International Flavors &*

4

*Fragrances, Inc.,* 905 F.2d 1114, 1116 (7th Cir. 1990) (ERISA claims barred by general release of claims); *LeFebvre v. IVEX Packaging Corp.,* No. 97 C 4411, 1998 WL 325258 at * 5 (N.D. Ill.**,** June 11, 1998) (enforcing release of ERISA claims that was "unambiguous as a matter of law") (See Tab B).  *Accord Chaplin v. Nationscredit Corp.,* 307 F.3d 368 (5th Cir. 2002); *Leavitt v. Northwestern Bell Telephone Co.,* 921 F.2d 160 (8th Cir. 1990).  Thus, Plaintiff's claims fail as a matter of law.

## Conclusion and Relief Requested

For the reasons set forth above, Defendant Hub Group, Inc. – Hub City Terminals respectfully requests that Plaintiff's Complaint be dismissed with prejudice with respect to all Defendants.

Respectfully submitted,

HUB GROUP, INC.*,*


By:    /s Kristina M. Kerwin
One of Their Attorneys

Thomas J. Piskorski
Kristina M. Kerwin
SEYFARTH SHAW LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603
(312) 346-8000

October 25, 2005

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she caused a copy of the foregoing

DEFENDANT'S MOTION TO DISMISS to be served upon the following by U.S. Regular Mail

on this 25th day of October 2005:


Jay LaRue
26308 South Harvest Lane
Chicago, IL  60417

<u>/s Kristina M. Kerwin</u>
Kristina M. Kerwin